IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES of IBEW LOCAL
UNION NO. 100 PENSION TRUST FUND;
IBEW LOCAL UNION NO. 11 HEALTH
AND WELFARE TRUST FUND; JOINT
ELECTRICAL INDUSTRY TRAINING TRUST
FUND; NATIONAL ELECTRICAL BENEFIT
FUND; and BOARD OF TRUSTEES OF IBEW
DISTRICT NO. 9 PENSION PLAN TRUST FUND,

        Plaintiffs,               CV F 06 1860 AWI WMW P

    vs.                      ORDER GRANTING INTERIM
                              ACCOUNTING AND AUDIT
                              (DOCUMENTS 11, 12)

ELIJAH ELECTRIC, INC,

        Defendant.

      Plaintiffs filed their complaint on December 21, 2006, seeking an accounting as well as

damages for breach of a collective bargaining agreement.  Defendant failed to file a responsive

pleading within the time permitted by the rules of civil procedure.  Default was entered by the

Clerk of Court on March 12, 2007.

      The complaint seeks an accounting of the books and records of Defendant Elijah Electric,

Inc.  The IBEW Local Union No. 100 Pension Trust Agreement, IBEW Local Union No. 100

Health and Welfare Trust Agreement and the IBEW District No. 9 Trust Agreement,

1

1  (collectively, Trust Agreements) by their terms authorize the Trustees to conduct an

2  audit/accounting of the payroll books and records of Elijah and to examine any and all reports

3  and returns made by Elijah to any governmental agency concerning time worked and/or

4  compensation paid employees to perform work covered by the Collective Bargaining

5  Agreement.[1]

6          Plaintiffs request an order pursuant to Federal Rule of Civil Procedure 55(b) compelling

7  Elijah to submit to an audit and accounting of Elijah's payroll books and records of each

8  employee performing work covered by the Collective Bargaining Agreement.  Plaintiffs also

9  seek an order allowing an examination of all reports and returns made by Elijah to any

10  governmental agency concerning time worked and compensation paid to employees who

11  perform work covered by the Collective Bargaining Agreement.

12          Rule 55(b)(2) provides, in pertinent part:

13              If, in order to enable the court to enter judgment or carry it into
               effect, it is necessary to take an account or to determine the amount
14              of damages or to establish the truth of any averment by evidence or
               to make an investigation or any other matter, the court may
15              conduct such hearings or order such references as it deems
               necessary and proper...

16

17          Rule 55(b)(2) provides for much discretion in determining when it is

    "necessary and proper" to hold and inquest on damages.  Tamarin v. Adamer Caterers, Incl., 13
18
    F.3d 51 (1993).   The amount of damages may be fixed by accounting methods.  Kelley v. Carr,
19
    567 F.Supp.831, 841 (W.D. Mich. 1983).   The court in Tamarin noted that an inquiry on
20
    damages is not necessary when the court is "inundated with affidavits, evidence or presentations
21
    by opposing counsel."  Tamarin, 13 F.3d at 53.  Here, Plaintiff's counsel indicates that they can
22
    only estimate the amount of damages, but the requirement for a default judgment needs to be
23
    accurate.        **Plaintiffs specifically pled for the amount of damages from September**
24

25          [1] The declaration of Andrew Slater, counsel for Plaintiffs, is attached to the application for
26  an interim order.

1    2006 to the present, and requested an accounting in their complaint, putting Defendant on

2    notice.  The complaint indicates that in addition to the damages from January 1, 2004 to

3    December 31, 2005, Elijah was also delinquent on paying benefit contributions for the

4    period from September 2006 to the present.

5         Plaintiffs also seek an accounting on the second claim for relief.  The trust

6    agreements authorized the Trustees to conduct an "audit/accounting examination of the

7    payroll books and records of each employee and, further, to examine any and all reports

8    and returns made by the Employer to any governmental agency concerning time worked

9    and/or compensation paid employees to perform work covered by the Collective

10   Bargaining Agreement."

11        Plaintiff's correctly noted that they are entitled to not only the amounts actually

12   stated and ascertained, but also to additional damages that Plaintiffs prayed for in their

13   complaint.  Henry v. Sneiders, 490 F.2d 315 (9th Cir. 1974).  The Trust Funds also

14   requested additional damages that it was not able to ascertain earlier without an

15   accounting.  Plaintiffs prayed as follows in the complaint:

16              Plaintiffs PENSION TRUST, H&W TRUST, JOINT
              TRAINING FUND, NEBF, VACATION FUND and
17            DISTRICT NO. 9 PENSION seek an order for an accounting
              from January 1, 2004, to the date of entry of judgment to
18            determine the amount of fringe benefit contributions Elijah
              owes said PENSION TRUST, H&W TRUST, JOINT
19            TRAINING FUND, NEBF, VACATION FUND and
              DISTRICT NO. 9 PENSION ... WHEREFORE, Plaintiff's
20            pray for judgment against defendant ELIJAH as follows:  For
              general damages of the unpaid contributions to all TRUST
21            FUNDS and the VACATION FUNDS, except the DISTRICT
              NO. 9 PENSION, for the period of September 2006 to the
22            present in an amount to be proven at trial together with
              interest at ten percent (10%) per annum thereon from the date
23            the contributions became due."

24        This statement put defendants on notice of additional damages, and that Plaintiffs

25   were not only praying for already ascertained damages, but also for damages owed but yet

26

                                         3

1    to be ascertained.

2          Further, Plaintiffs noted that as stated in the complaint, the trust agreements

3    incorporated into the Collective Bargaining Agreements and signed by Elijah authorize the

4    trustees to conduct audits of employers for purposes of determining compliance and

5    require employers to submit to such audits.

6          Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel an

7    interim accounting and audit is granted.  Defendant Elijah Electric, Inc., shall submit to an

8    audit and or accounting to that Plaintiffs can ascertain the amount of fringe benefit

9    contributions Elijah owes to Plaintiffs.

10

11   IT IS SO ORDERED.

12   Dated:    July 27, 2007                    _____/s/  William M. Wunderlich_____
                                               UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26