
IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES of IBEW LOCAL UNION NO. 100 PENSION TRUST, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ELIJAH ELECTRIC INC., a California corporation, <br><br> Defendant. | 1:06-cv-01860 AWI GSA <br><br> ORDER REGARDING APPLICATION FOR DEFAULT JUDGMENT BY COURT |

On March 28, 2008, Plaintiffs Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund ("Pension Trust"), IBEW Local Union No. 100 Health and Welfare Trust Fund ("H & W Trust"), Joint Electrical Industry Training Trust Fund ("Training Trust"), National Electrical Benefit Fund ("Benefit Fund") and Board of Trustees of IBEW District No. 9 Pension Plan Trust Fund ("District No. 9 Trust") (collectively "Plaintiffs") filed an application for default judgment against Elijah Electric Inc. ("Elijah").

Plaintiffs are named fiduciaries and plan administrators of employee benefit plans. Plaintiffs filed this action on December 21, 2006, pursuant to the Labor Management Relations Act of 1947 ("NLRA") [29 U.S.C. § 185(a)], the Employee Retirement Income Security Act of 1974 ("ERISA") [29 U.S.C. § 1132] and the Federal Declaratory Judgment Act [28 U.S.C. § 2201, *et seq*.]. Plaintiffs bring this action on behalf of fiduciaries, participants and beneficiaries of the funds.

1

Defendant Elijah is a signatory (or successor in interest to a signatory) to a Letter of Assent, binding Elijah to comply with the Collective Bargaining Agreement ("CBA") in effect between the International Brotherhood of Electrical Workers Local Union 100 ("IBEW Local 100") and the East Central California Chapter of the National Electrical Contractors Association for the period from September 11, 2003 to the present.  Complaint, at ¶ 6.  The CBA obligated Elijah to make contributions to the trust funds and a vacation fund for all persons performing services in any classifications covered by the CBA.  Complaint, at ¶¶ 6 and 7.  Elijah also was obligated to provide the trust funds and vacation fund an accounting on or before the 15th of each month identifying all persons performing services in any classification covered by the CBA and the contributions made on their behalf.  Complaint, at ¶ 7.

Plaintiffs allege that Elijah performed services within the jurisdiction of IBEW Local 100 beginning in September 2006.  Plaintiffs further allege that Elijah is delinquent in paying contributions to the trust funds and vacation fund beginning October 16, 2006.  Complaint, at ¶ 9.  Plaintiffs have demanded payment from Elijah for all unpaid contributions, but Elijah has failed and refused to pay the contributions.  Complaint, at ¶ 9.

Elijah has not answered or otherwise appeared in this action.  The Clerk of the Court entered default against Elijah on March 12, 2007.  Thereafter, Plaintiffs filed an application for default judgment by the court pursuant to Federal Rule of Civil Procedure 55(b)(2).  Plaintiffs seek a judgment totaling $22,129.51, which is itemized as follows:

| | | |
|---|---|---|
| 1. | Principal | $14,248.31 |
| 2. | Liquidated Damages | $1,424.83 |
| 3. | Interest at 10% per year (Excluding District No. 9 Trust) | $1,699.99 |
| 4. | Interest at 8% per year for District No. 9 Trust | $46.88 |
| 5. | Attorneys' Fees | $4,079.50 |
| 6. | Costs and Expenses of Suit | $350.00 |
| 7. | Projected attorneys' fees and costs | $260.00 |

2

Memorandum of Points and Authorities in Support of Application for Default Judgment by the Court ("Memorandum in Support"), at p. 5.

Prior to ruling on the application for default judgment, the court seeks additional information regarding Plaintiffs' requested relief.

      a.    *Unpaid Contributions*

In support of the unpaid contributions, Plaintiffs have provided the declarations of John Hutson, administrator for the National Electrical Benefit Fund, and Lorena Cervantez, administrator for Pension Trust Fund, H & W Trust Fund, Vacation Fund, Joint Training Trust Fund and District No. 9 Trust. In their declarations, Mr. Hutson and Ms. Cervantez state that the independent accounting firm of Hemming Morse conducted audits for the time periods of January 1, 2004 through December 31, 2005, and January 1, 2006 through June 30, 2007. Hutson Decl., at ¶ 5; Cervantez Decl., at ¶ 5. Both Mr. Hutson and Ms. Cervantez declare that the principal amount of delinquent contributions owed to the trust funds based on the audit is $14,248.31. Hutson Decl., at ¶ 6; Cervantez Decl., at ¶ 6. The audit results are attached as exhibits D and E to the declaration of Ms. Cervantez. These exhibits show principal amounts for the audit period of January 1, 2004 through December 31, 2005, totaling $8,326.78 (Ex. D) and principal amounts for the audit period of January 1, 2006 through June 30, 2007, totaling $5,921.53 (Ex. E). Based on the exhibits, it is unclear whether the amount of unpaid contributions is limited solely to the trust funds named in the complaint. Plaintiffs are directed to provide the court with a calculation of unpaid contributions for the trusts named in the complaint. Plaintiffs are further directed to clarify, by reference to specific provisions in the CBA, the Joint Electrical Industry Training Trust Fund ("Training Trust").

      b.    *Liquidated Damages*

Plaintiffs' complaint seeks liquidated damages in the amount 10% of the unpaid contributions for all funds except the Training Trust. For the Training Trust, Plaintiffs' complaint seeks liquidated damages in the amount of 20%. Plaintiffs' motion for default judgment does not include a demand for 20% of the Training Trust as liquidated damages. Instead, Plaintiffs request liquidated damages on unpaid contributions in the amount of $1,424.83, which appears to be 10% of

the unpaid contributions.  Memorandum in Support, at p. 5.

      Plaintiffs generally declare that the trust agreement provide for liquidated damages in the amount of 10%.  Plaintiffs have not provided a copy of the trust agreements at issue.  The sole trust agreement submitted to the court allows for the recovery of liquidated damages at ten (10) percent of the amount due and recovery of interest.  Ex. C to Cervantez Decl., at §§ 6.03 and 6.04.  Plaintiffs are directed to clarify by declaration (and by citation to the relevant trust agreement provisions) whether the trust agreement provided to the court is representative of all the trusts at issue regarding liquidated damages and, if not, how the agreements differ.  Plaintiffs also are directed to clarify the amount of liquidated damages they are requesting.

      c.    *Interest*

      Plaintiffs seek interest on the unpaid contributions at the rate of 10% per year on all trust funds (except for the District No. 9 Trust) totaling $1,699.99.  For the District No. 9 Trust, Plaintiffs seek interest at the rate of 8% per year totaling $46.88.  Memorandum in Support, at p. 4.  Plaintiffs generally have alleged that the rates of 10% and 8% are the amounts specified in the CBA and have supported this allegation by declaration**.**  Cervantez Decl., at ¶ 3.  Although the CBA provides a 10% "penalty" for trust delinquencies (Cervantez Decl., Ex. C, at § 17.1), Plaintiffs have not cited specific provisions of the CBA establishing the rates of 10% and 8%.  Accordingly, Plaintiffs are directed to identify specific provisions of the CBA establishing the interest rates to be applied.  Plaintiffs also are directed to provide the court with their calculations to establish the requested interest.

      d.    *Attorneys' Fees and Costs*

      Plaintiffs seek attorneys' fees in the amount of $4,079.50 through November 9, 2007, along with "projected attorneys fees and costs through judgment" of $280.00.  Memorandum in Support, at pp. 4-5.  To support the attorneys' fees award, however, Plaintiffs submitted the declaration of their counsel, G. Andrew Slater ("Slater Decl."), and billing statements through November 9, 2007.  Mr. Slater declares that Plaintiffs incurred additional attorneys' fees in the amount of $384.00 after November 9, 2007, and has provided billing statements.  Slater Decl., at ¶ 8.  Based on the declaration of Mr. Slater, it appears that Plaintiffs are seeking a total of $4,463.50 in attorneys' fees,

4

which is different than the amount identified in their moving papers.  Plaintiffs are directed to clarify the total amount of attorneys' fees they are seeking in this action.

As the court is seeking additional information regarding the application for default judgment, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiffs' Application for Default Judgment by the Court scheduled for May 9, 2008, at 9:30 a.m. is taken off calendar and continued;
2. Plaintiffs are directed to submit the information outlined above regarding their Application for Default Judgment by the Court on or before May 26, 2008.
3. The hearing on Plaintiffs' Application for Default Judgment by the Court is rescheduled to May 30, 2008, at 9:30 a.m. in Courtroom (10) before the undersigned.

IT IS SO ORDERED.

Dated:  **May 9, 2008**          /s/ **Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

5