# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES of IBEW LOCAL UNION NO. 100 PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ELIJAH ELECTRIC, INC., a California Corporation,<br><br>Defendant. | 1:06-CV-01860 AWI GSA<br><br>FINDINGS AND RECOMMENDATION REGARDING MOTION TO SET ASIDE ENTRY OF DEFAULT<br>(Document 48) |

Defendant Elijah Electric, Inc. ("Defendant") filed the instant Motion to Set Aside Entry of Default on August 21, 2008. Plaintiffs Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund; IBEW Local Union No. 100 Health and Welfare Trust Fund; Joint Electrical Industry Training Trust Fund; National Electrical Benefit Fund; and Board of Trustees of IBEW District No. 9 Pension Plan Trust Fund ("Plaintiffs") filed a statement of non-opposition to the motion on September 5, 2008. After review of the parties' submissions and the case file, the court found the matter appropriate for submission without oral argument and vacated the September 26, 2008 hearing date. For the following reasons, the court hereby recommends Defendant's motion to set aside entry of default be GRANTED.

//
//

1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are named fiduciaries and plan administrators of employee benefit plans. Plaintiffs filed this action on December 21, 2006, pursuant to the Labor Management Relations Act of 1947 ("NLRA") [29 U.S.C. § 185(a)], the Employee Retirement Income Security Act of 1974 ("ERISA") [29 U.S.C. § 1132] and the Federal Declaratory Judgment Act [28 U.S.C. § 2201, *et seq*.].

Defendant Elijah is a signatory (or successor in interest to a signatory) to a Letter of Assent, binding Elijah to comply with the Collective Bargaining Agreement ("CBA") in effect between the International Brotherhood of Electrical Workers Local Union 100 ("IBEW Local 100") and the East Central California Chapter of the National Electrical Contractors Association for the period from September 11, 2003 to the present.  Complaint, at ¶ 6.  The CBA obligated Elijah to make contributions to the funds at issue for all persons performing services in any classifications covered by the CBA.  Complaint, at ¶¶ 6 and 7.  Elijah also was obligated to provide the funds an accounting on or before the 15th of each month identifying all persons performing services in any classification covered by the CBA and the contributions made on their behalf.  Complaint, at ¶ 7.

Plaintiffs allege that Elijah performed services within the jurisdiction of IBEW Local 100 beginning in September 2006.  Plaintiffs further allege that Elijah is delinquent in paying contributions to the funds beginning October 16, 2006.  Complaint, at ¶ 9.  Plaintiffs have demanded payment from Elijah for all unpaid contributions, but Elijah has failed and refused to pay the contributions.  Complaint, at ¶ 9.

Defendant Elijah did not file an answer or otherwise respond to the complaint.  The Clerk of the Court entered default against Elijah on March 12, 2007.  Thereafter, on March 28, 2008, Plaintiffs filed an application for default judgment by the court pursuant to Federal Rule of Civil Procedure 55(b)(2).  On May 9, 2008, the court issued an order continuing the hearing on the motion for default judgment and requiring Plaintiffs to submit additional information in support of their application.  The hearing on the motion was rescheduled to May 30, 2008.  On May 29, 2008, the court vacated the hearing after Plaintiffs' counsel submitted the requested materials.

On May 30, 2008, at 9:30 a.m, Mr. Luis Martinez personally appeared, pro se, on behalf of Elijah Electric for the hearing. Mr. Martinez indicated that he had been informed of the hearing by Andrew Slater, Plaintiffs' counsel, but he was not aware that the hearing had been vacated. The court contacted Andrew Slater via telephone and a hearing was held. At the hearing, Mr. Martinez requested additional time to seek counsel on behalf of Elijah. The court continued the hearing on the motion for default judgment to July 18, 2008, and advised Defendant that a motion to set aside default should be filed prior to the hearing.

On July 14, 2008, Mr. Martinez filed a motion to set aside the default on behalf of Elijah Electric. A hearing on the motion was scheduled for August 29, 2008, and Plaintiffs' motion for default judgment was taken off calendar pending resolution of the motion to set aside default. Plaintiffs filed an opposition to the motion, arguing that Elijah Electric, a corporation, could not appear without an attorney.

Thereafter, on August 21, 2008, Defendant Elijah, through retained counsel, filed the instant motion to set aside default. Defendant also withdrew the motion to set aside purportedly filed on its behalf by Mr. Martinez. On September 5, 2008, Plaintiffs filed a statement of non-opposition to the instant motion to set aside default.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside the entry of default for good cause. Fed. R. Civ. P. 55(c). Because of the parallels that exist between granting relief from entry of default and judgment on default, a court should consider the list of the factors used to set aside a default judgment under Rule 60. *Hawaii Carpenters' Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *see also, Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) ( the reasons sufficient to justify relief from default judgments under Rule 60(b) will justify relief from a default entry).

Federal Rule of Civil Procedure 60(b), in relevant section, grants district courts discretion to relieve a party from a default judgment or order for reason of mistake, inadvertence, surprise or excusable neglect. When a default is challenged on the grounds of excusable neglect, three factors inform the court's exercise of discretion: 1) whether defendant's culpable conduct led to

3

the default; 2) whether the defendant has a meritorious defense, and 3) whether reopening the default judgment would prejudice the plaintiff. *TCI Group Life Insurance Plan v, Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *see also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). The Rule 60(b) grounds are liberally interpreted when applied to a motion to set aside entry of default. *Knoebber*, 244 F.3d at 696; *see also Stone*, 794 F.2d at 513 ( "standards for setting aside entry of default under Rule 55(c) are less rigorous than those for setting aside a default"). Furthermore, default judgments generally are appropriate only in extreme circumstances and, whenever possible, a case should be decided on the merits. *Knoebber*, 244 F.3d at 696 (*citing Falk*, 739 F.2d at 463). "Put another way, where there has been *no* merits decision, appropriate exercise of district court discretion ... requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *Knoebber*, 244 F.3d at 696.

    1. *Culpable Conduct*

Culpable conduct is established when conduct is willful, deliberate, or where there is evidence of bad faith. *Knoebber*, 244 F.3d at 697. If a defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process it is not necessarily, although it may be, culpable or inexcusable. *Knoebber*, 244 F.3d at 697-698.

Defendant contends that it failed to respond to the complaint due to excusable neglect, attorney abandonment and mistake. Mr. Martinez, the Chief Executive Officer of Elijah Electric, Inc., explains that he received notice of this lawsuit and hired Dawson & Associates to defend Elijah. Declaration of Luis J. Martinez in Support of Defendant's Motion to Set Aside Entry of Default ("Martinez Decl."), at ¶ 7. Without his knowledge, however, Dawson & Associates never responded to the complaint and abandoned Elijah as a client. *Id*. Mr. Martinez attempted to contact Dawson & Associates to check on the status of the case, but did not get any responses. *Id*. He did not learn of the default until he was contacted by Plaintiffs' counsel. *Id.*

Defendant also asserts excusable neglect because it was engaged in audits by the accounting firm of Hemming Morse, Inc., which were initiated by Plaintiffs. *Id.* at ¶ 1. Mr.

Martinez indicates that Elijah assigned its office manager the responsibility of collecting transmittals and documents and communicating with Hemming Morse. *Id.* at ¶ 3. During the course of the audit, however, the office manager became ill and never returned to work. *Id*. at ¶ 4. Due to the office manager's abrupt departure, the communications between Elijah and Hemming Morse came to a halt and Mr. Martinez was not immediately aware of the problem. *Id*. Elijah was forced to hire a replacement officer manager. *Id.* at ¶ 5. During the delay, all correspondence between Elijah and Hemming Morse stopped. *Id*. Similarly, all documentation gathered by the former officer manager was lost. *Id*. As such, Elijah essentially had to start over in its communications with Hemming Morse, including searching for documents and resolving any discrepancies. *Id.* While engaged in these activities, Elijah did not retain counsel to file a responsive pleading to the complaint or to appear on its behalf in this action. Memorandum in Support of Motion to Set Aside Entry of Default, at p. 6.

Defendant further argues that the motion should be granted on the grounds of mistake. Mr. Martinez explains that it was not until he appeared pro se in this court on May 30, 2008, that he learned Elijah was not receiving motions or other court-filed documents because the Court did not have Elijah's address. *Id.* at ¶ 8. After learning of the default and appearing in court on May 30, 2008, Mr. Martinez took steps to set aside the default, including attempting to file a motion to set aside on behalf the corporation and subsequently retaining counsel to defend Elijah in this matter. *Id*. at ¶ ¶ 9-11.

The combination of the above facts supports an inference that Defendant's failure to respond was not willful, deliberate or in bad faith.

### 2. *Meritorious Defense*

A defendant seeking to vacate a default must present specific facts that would constitute a defense. However, the burden on a party seeking to vacate a default judgment is not extraordinarily heavy, as a movant need only demonstrate law or facts showing that a sufficient defense is assertable. *Knoebber*, 244 F.3d at 700 (citations omitted).

Here, Defendant contends that it has a meritorious defense to Plaintiffs' claims. Defendant argues that Plaintiffs are seeking amounts they are not entitled to because the alleged

unpaid contributions were appropriately paid to other union locals.  In particular, Defendant claims that it resolved the deficiencies alleged by Plaintiffs.  Defendant also asserts it has documentary evidence demonstrating that the "unpaid funds" were actually paid to other trust funds in the jurisdictions where the hours were actually worked and where Defendant was obligated to send the funds under separate Collective Bargaining Agreements with IBEW Locals in other counties.  Martinez Decl., at ¶ 6.  The court finds that Defendant has demonstrated a meritorious defense.

                3. *Prejudice to the Plaintiff*

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying the resolution of the case.  Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *Knoebber*, 244 F.3d at 701 (citing *Falk*, 739 F.2d at 463).

Plaintiffs have not opposed the instant motion and have not presented any argument suggesting prejudice.  The court finds that Plaintiffs will not be prejudiced by setting aside the entry of default because their ability to pursue their claim will not hindered.  Although there may be delay in the proceedings, it is not sufficient prejudice to deny a motion to set aside a default judgment.  *Knoebber*, 244 F.3d at 701 (vacating default judgment merely restores the parties to an even footing in the litigation).

The court finds that the above factors weigh in favor of setting aside the Clerk's entry of default.  Generally, there is a presumption to try cases on their merits, and the instant case does not warrant a departure from this presumption.  See *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991).  Accordingly, Defendant's motion to set aside entry of default should be GRANTED.

## RECOMMENDATION

Based on the above, IT IS HEREBY RECOMMENDED that:

1.      Defendant's motion to set aside default be GRANTED;
2.      The Clerk's Entry of Default be SET ASIDE;
3.      Defendant be ordered to file an answer or otherwise respond to the complaint by November 21, 2008.

1    This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii
2 pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of
3 Practice for the United States District Court, Eastern District of California.  Within thirty (30)
4 days after being served with a copy of this Findings and Recommendation, any party may file
5 written objections with the Court and serve a copy on all parties.  Such a document should be
6 captioned "Objections to Magistrate Judge's Findings and Recommendation."  Responses to the
7 Objections shall be served and filed within ten (10) court days (plus three days if served by mail)
8 after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant
9 to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
10 specified time may waive the right to appeal the Order of the District Court.  *Martinez v. Ylst*, 951
11 F.2d 1153 (9th Cir. 1991).

17    IT IS SO ORDERED.
18    Dated:     **September 29, 2008**                    **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE