1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BOARD OF TRUSTEES of IBEW LOCAL
UNION NO. 100 PENSION TRUST FUND;
IBEW LOCAL UNION NO. 100 HEALTH
AND WELFARE TRUST FUND; JOINT
ELECTRICAL INDUSTRY TRAINING
TRUST FUND; NATIONAL ELECTRICAL
BENEFIT FUND; and BOARD OF
TRUSTEES of IBEW DISTRICT NO. 9
PENSION PLAN TRUST FUND,

                    Plaintiffs,

        v.

ELIJAH ELECTRIC INC., a California
corporation,

                    Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1: 06-cv-01860 AWI  GSA

SCHEDULING ORDER (Fed.R.Civ.P 16)

Discovery Deadlines:
        Initial Disclosures: March 6, 2009
        Non-Expert: August 31, 2009
        Expert Disclosures: July 31, 2009
        Supp. Expert Discl.: August 14, 2009
        Expert Discovery: September 30, 2009

Motion Deadlines:
        Non-Dispositive: October 23, 2009
        Dispositive: November 9, 2009

Pre-Trial Conference:
        February 4, 2010 at 8:30 a.m.
        Courtroom 2 (AWI), 8th Floor

Trial:   March 23, 2010 at 8:30 a.m.
        Courtroom 2 (AWI), 8th Floor
        2-3 Day Jury Trial

Settlement Conference:
        November 12, 2009 at 10:30 a.m.
        Courtroom 10 (GSA), 6th Floor

I.      **Date of Scheduling Conference**

        February 4, 2009.

1

**II.** **Appearances of Counsel**

G. Andrew Slater personally appeared on behalf of Plaintiffs Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund, IBEW Local Union No. 100 Health and Welfare Trust Fund, Joint Electrical Industry Training Trust Fund, National Electrical Benefit Fund, and Board of Trustees of IBEW District No. 9 Plan Trust Fund.

Andrew Shalauta appeared telephonically on behalf of Defendant Elijah Electric, Inc.

**III.** **The Pleadings**

**1.** **Plaintiffs' Contentions**

Plaintiffs seek to collect delinquent contributions from Defendant.  Plaintiffs are the Plan Administrators of Employee Benefit Plans within the meaning of the Employee Retirement Security Act ("ERISA") under 29 U.S.C. Section 1002 and are the named fiduciaries under 29 U.S.C. Sections 1002 and 1132(b).  Trust Funds, with the exception of the District No. 9 Pension Fund, are administered in the City and County of Fresno, California.  District No. 9 Pension is administered in Portland, Oregon.

Defendant was a signatory to a Letter of Assent binding Defendant to the Collective Bargaining Agreement ("CBA") between the International Brotherhood of Electrical Workers Local Union No. 100 ("IBEW Local 100") and the Central California Chapter of the National Electrical Contractors Association ("NECA") for the period commencing September 11, 2003 and continuing through to the present.  The CBA also incorporates various Trust Agreements, thereby binding Defendant to their terms.

From September 11, 2003, through to the present, the Trust Agreements and CBA obligated Defendant to make contributions to Trust Funds for all persons performing services in any classifications covered by the CBA.  The contributions were due after the 15th of each month for services performed and covered under the CBA.  Defendant was also obligated to provide the Trust Funds with an accounting on or before the 15th of each month.  The accounting identified

1  all persons performing services in any classification covered by the CBA, for whom Defendant

2  was required to contribute monies.  Plaintiffs claim Defendant was delinquent by failing to pay

3  the required monthly contributions on the 16th day fo the month in which the work was

4  performed under the CBA, and that Defendant has failed to provide Plaintiffs with monthly

5  reports, including hours worked and contributions owed, for the period beginning September

6  2006 through to the present.

7        **2.**    **Defendant's Contentions**

8        Defendant contends it is not delinquent with regard to any contributions, and that

9  all contributions were made to the respective local unions where the work was performed.

10  Additionally, Defendant contends it does not owe Plaintiffs any monies.  Further, Defendant

11  contends that the audit performed by Hemmings Morse was erroneous and failed to consider its

12  proof of contribution payments.  Defendant will seek to have the first audit set aside in favor of a

13  second audit by an auditing firm selected by both parties.

14        **IV.**    <u>**Factual Summary**</u>

15        **A.**    **Uncontested Facts:**

16        1.    Defendant is currently a California corporation with its principal place of

17  business in Modesto, California.  Defendant may not have been a corporation at all times during

18  the time periods at issue in the instant matter.

19        2.    Defendant is currently a signatory to a CBA with the IBEW Local 100.

20        **B.**    **Contested Facts:**

21        1.    The relevant time periods applicable to Defendant's status as a signatory to

22  the CBA with IBEW Local 100.

23        2.    Defendant is obligated by contract to pay the fringe benefits alleged in the

24  complaint to the Trust Funds.

25        3.    Defendant was bound by the CBA, and was required to pay contributions,

26  as alleged in Plaintiffs' complaint.

27

28                          3

4.     Defendant failed to make contributions to Plaintiffs as alleged in Plaintiffs' complaint.

**V.     Summary of Undisputed and Disputed Legal Issues**

**A.     Undisputed Legal Issues**

None identified.

**B.     Disputed Legal Issues**

Disputed legal issues include, but may not be limited to:

1.     That Defendant was bound to the terms of the CBA for the period beginning September 11, 2003, and continuing through to the present.

2.     That Defendant was obligated to make contributions to Plaintiffs as alleged in Plaintiffs' complaint.

**VI.     Consent to the Magistrate Judge**

Pursuant to 28 U.S.C. § 636 (c), the parties have not consented in writing to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.

**VII.     Discovery Plan and Cut-Off Date**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26 on or before **March 6, 2009**.  The parties are ordered to complete all discovery pertaining to non-experts on or before **August 31, 2009**.

The parties are directed to disclose all expert witnesses, in writing, on or before **July 31, 2009**.  The parties shall also disclose all supplemental experts on or before **August 14, 2009**.  The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2)(A) and (B) and shall include all information required thereunder**.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

4

The parties are directed to complete all expert discovery on or before **September 30, 2009**.  The provisions of Fed. R. Civ. P. 26 (b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking expert designation and preclusion of expert testimony.

**VIII.   Pre-Trial Conference Date**

The pre-trial conference will be held on **February 4, 2010**, **at 8:30 a.m.** in Courtroom 2 before the Honorable Anthony W. Ishii.   The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[1] format, directly to Judge Ishii's chambers by email at awiorders@caed.uscourts.gov.  The parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

**IX.   Trial Date**

The trial will be held on **March 23, 2010, at 8:30 a.m.** in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.

A.   This is a jury trial.

B.   Parties' Estimate of Trial Time: 2-3 days.

The parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

**X.   Settlement Conference**

A Settlement Conference is scheduled for **November 12, 2009, at 10:30 a.m.** in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge.  Unless

---

[1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

1  otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at

2  the Settlement Conference **with the parties** and the person or persons having **full authority** to

3  negotiate and settle the case **on any terms**[2] at the conference.

4  CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

5  At least five (5) court days prior to the Settlement Conference the parties shall

6  submit, directly to Judge Austin's chambers by e-mail to gsaorders@caed.uscourts.gov, a

7  Confidential Settlement Conference Statement.  The statement **should not be filed** with the

8  Clerk of the Court **nor served on any other party,** although the parties may file a Notice of

9  Lodging of Settlement Conference Statement  Each statement shall be clearly marked

10  "confidential" with the date and time of the Settlement Conference indicated prominently

11  thereon.

12  The Confidential Settlement Conference Statement shall include the following:

13  A.  A brief statement of the facts of the case.

14  B.  A brief statement of the claims and defenses, i.e., statutory or other

15  grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of

16  prevailing on the claims and defenses; and a description of the major issues in dispute.

17  C.  A summary of the proceedings to date.

18  D.  An estimate of the cost and time to be expended for further discovery,

19  pretrial and trial.

20  E.  The relief sought.

21

22

---

23     [2] Insurance carriers, business organizations, and governmental bodies or agencies whose

24  settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive

25  positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible the representative shall have the

26  authority, if he or she deems it appropriate, to settle the action on terms consistent with the

27  opposing party's most recent demand.

28  6

F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

Should the parties desire a settlement conference, they will jointly request one of the court, and one will be arranged.  In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**XI.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

The parties have not requested bifurcation.

**XII.   Related Matters Pending**

The parties have indicated there are no related matters.

**XIII.   Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIV.   Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

1    Stipulations extending the deadlines contained herein will not be considered

2  unless they are accompanied by affidavits or declarations, and where appropriate attached

3  exhibits, which establish good cause for granting the relief requested.

4    Failure to comply with this order may result in the imposition of sanctions.
   IT IS SO ORDERED.

5

6  **Dated:**   **February 5, 2009**          _____/s/ **Gary S. Austin**_____
                                            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          8