IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF IBEW LOCAL UNION NO. 100 PENSION TRUST FUND, et al.,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>ELIJAH ELECTRIC, INC., a California corporation,<br><br>　　　　　　Defendant. | 1:06-CV-1860 AWI GSA<br><br>ORDER DENYING REQUEST FOR JUDGMENT WITHOUT PREJUDICE<br><br>(Doc. No. 73) |

　　　On August 3, 2009, the parties filed a stipulation for dismissal of this case with prejudice in light of a settlement agreement. See Court's Docket Doc. No. 70. The stipulation provided that the Court would retain jurisdiction to enforce the terms of the settlement agreement. See id. The Court signed the stipulation on August 4, 2009, and the case closed. See id. at Doc. No. 72.

　　　On November 19, 2009, Plaintiffs informed the Court that Defendant had breached the settlement agreement. See id. at Doc. No. 73. As per the settlement agreement, Defendant was to pay $4,500 into a settlement fund. See id. at Doc. Nos. 73, 73-2. Payments of $350 were to be paid monthly by Defendant. See id. The settlement provides that if Defendant fails to make a payment, then Plaintiffs are to give written notice of the failure to Defendant and its counsel. Defendant would then have thirty days in which to correct the delinquency. See id. Defendant has made no payments. See id. Written notice was sent to Defendant and its counsel on September 30, 2009. See id. Plaintiffs received no response. See id. The settlement provides that, in the event of a default by Defendant, Plaintiffs could make application to this Court for a

judgment of $12,000 (less any funds previously received from Defendant).  <u>See id.</u>  Because Defendant has failed make any payments, Plaintiffs request that this Court enter judgment in its favor and against Defendant in the amount of $12,000.

Plaintiffs state that the settlement allows them to "move and/or apply ***without further notice to Elijah*** for judgment to be entered by [this Court]" if Defendant fails to cure its delinquency within thirty days.  <u>Id.</u> at Doc. No. 73 at 2:15-17 (emphasis in original).  However, the settlement agreement under § 3 states, "[Plaintiffs] shall provide written notice (as described herein below) to [Defendant] and its counsel . . . of their motion and/or application to enter judgment no later than the date upon which such motion and/or application is filed with the District Court."  <u>Id.</u> at Doc. No. 73-2 at p. 2, § 3 "Default."  The very next section of the settlement is entitled "Notices" and provides any notices provided by the settlement are to be in writing and are deemed served upon deposit with the United States mail.  <u>Id.</u> at Doc. No. 73-2 at p. 2, § 4 "Notices."  There is no indication that Plaintiffs have sent Defendant written notice of the application for judgment.  Because it does not appear that Plaintiffs have sent written notice of the application for judgment to Defendant and its counsel as required by § 3 of the settlement, the Court will not enforce the default of § 3 of the settlement at this time.  Plaintiffs may resubmit its application once they provide evidence that the written notice of § 3 of the settlement has been satisfied.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' application for judgment is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:      November 24, 2009**                        **/s/ Anthony W. Ishii**
                                                                    CHIEF UNITED STATES DISTRICT JUDGE

2